NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN P. MCGRAW,<br><br>                    Plaintiff-Appellant,<br><br>  v.<br><br>ANDREW M. SAUL, Commissioner of<br>Social Security,<br><br>                    Defendant-Appellee. | No.   19-35566<br><br>D.C. No. 3:18-cv-05494-RBL<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted June 4, 2020
Seattle, Washington

Before:  GOULD, BEA, and MURGUIA, Circuit Judges.

Plaintiff-Appellant John P. McGraw challenges the denial of disability

insurance benefits by an Administrative Law Judge (ALJ) of the Social Security

Administration (SSA).  The district court upheld the denial, and we affirm.[1]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Because the parties are familiar with the facts and procedural history of the case, we recite only those facts necessary to decide this appeal.

**1.** McGraw suffers from several serious impairments, including degenerative disc disease and bipolar disorder. An ALJ denied McGraw's application for disability insurance benefits for the period between September 20, 2011 and January 18, 2015, finding that McGraw could have participated during that period in past relevant work or, in the alternative, in certain jobs that existed in significant numbers in the national economy. However, the ALJ found that McGraw became disabled on January 19, 2015, after undergoing spinal surgery from which complications ensued, and that he was entitled to benefits starting on that date. McGraw contends that the ALJ's denial of benefits between September 20, 2011 and January 18, 2015 was erroneous because the ALJ erred in his assessment of the medical evidence, and in discounting McGraw's subjective testimony and certain lay witness evidence. We disagree and affirm.

**2.** The ALJ did not harmfully err in his assessment of the medical evidence. In reaching his determination of non-disability, the ALJ credited or partially credited the opinions of several doctors while giving little weight to others.

Under the highly deferential substantial evidence standard, we will not disturb the ALJ's reasoned findings, which are not irrational. McGraw contends that several of the expert opinions that the ALJ credited actually support a finding of a more limited residual functional capacity (RFC). But "[e]ven when the evidence is susceptible to more than one rational interpretation, we must uphold

the ALJ's findings if they are supported by inferences reasonably drawn from the record," *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), as they are here. For example, McGraw's competing interpretation of Dr. Griffin's opinion is not the only reasonable interpretation, especially when Dr. Griffin generally opined that McGraw's limitations were mild enough for him to handle daily living activities without significant problems. And contrary to McGraw's assertions, Dr. Pickett opined that much of McGraw's social limitations are volitional because "McGraw is fully able to control his behavior when he chooses to do so." The ALJ also reasonably explained why his RFC determination was consistent with the opinions of Dr. Beaty and Dr. Clifford, and why the opinion of Dr. Hoskins was consistent with the longitudinal record.

Likewise, the ALJ's decisions to discount the opinions of Dr. Neims, Dr. Savoldi, and Dr. Fajardo were supported by substantial evidence.[2] The ALJ gave clear and convincing reasons why the opinions of Dr. Neims and Dr. Savoldi were inconsistent with the medical record. These reasons were supported by substantial evidence in the record, such as treatment notes throughout the relevant period that often referred to clinical findings as "mild," "minimal," "not all that impressive," and "unremarkable," and that frequently observed no signs of agitation, depression,

---

[2] McGraw does not appeal the ALJ's decision to give little weight to Dr. Corliss's opinion.

or anxiety. The ALJ's reasons were supported by the record, even if another ALJ could have drawn a different inference. Similarly, the ALJ reasonably explained why Dr. Fajardo's opinion was inconsistent with his contemporaneous treatment notes.

**3.** The ALJ also did not err in his assessment of McGraw's subjective symptom testimony. The ALJ gave specific, clear, and convincing reasons for disbelieving the severity of symptoms to which McGraw testified. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). First, as with his assessment of the opinions of Dr. Neims and Dr. Savoldi, the ALJ reasonably concluded that the many unremarkable clinical findings from the treatment period were inconsistent with the "intensity, persistence and limiting effects of [the] symptoms" to which McGraw testified. *See Molina*, 674 F.3d at 1112–13 (an ALJ may use "ordinary techniques of credibility evaluation," including whether the testimony is "inconsistent with other medical evidence in the record" (quoting *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010))). Second, the ALJ concluded that McGraw's routine activities, including preparing his own meals, driving a car, shopping in stores, doing laundry, and attending group meetings and church, were inconsistent with his asserted severity of symptoms. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (upholding ALJ's finding that a claimant's activities, including cooking, housekeeping, laundry, shopping, and

4

attending therapy and other meetings, undermined the claimant's subjective pain testimony). These conclusions were supported by substantial evidence.

**4.** Finally, the ALJ did not err in his assessment of the lay witness evidence. The ALJ reasonably discounted the testimony of McGraw's mother for the same reasons that the ALJ discounted McGraw's testimony. *See Molina*, 674 F.3d at 1114 ("[I]f the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness."). The ALJ also concluded that the opinion of McGraw's occupational therapist, Danielle Bergman, was inconsistent with the less than remarkable medical records during the relevant period and that a letter from a vocational rehabilitation counselor was too vague and conclusory to be given weight. These were specific and germane reasons, supported by substantial evidence, for discounting the lay evidence.

**5.** Because the ALJ's assessment of the evidence was supported by substantial evidence, the ALJ also did not err in his RFC determination and ultimate determination that McGraw was not disabled.

**AFFIRMED.**